UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JENNY DeVINCENTIS, et al.,** | : | |
| Plaintiffs, | : | Civil Action No. 09-3138 (MLC) |
| v. | : | |
| **WAL-MART STORES, INC., et al.** | : | <u>PRETRIAL SCHEDULING ORDER</u> <u>IN AN ARBITRATION MATTER</u> |
| Defendants. | : | |

**THIS MATTER** having come before the Court on **September 24, 2009**, for an initial conference pursuant to <u>Fed. R. Civ. P</u>. 16; Louis Christos, Esq., of Harrison & Christos, appearing on behalf of Plaintiffs, and Roberto Paglione, Esq., of McDonnell & Associates, PC, appearing on behalf of Defendant Wal-Mart Stores, Inc.; and for good cause shown,

**IT IS** on this **1st** day of **October, 2009**,

**ORDERED** that this matter is subject to compulsory arbitration pursuant to General Rule 201.1; and it is further

**ORDERED** that any motion to amend the pleadings or join new parties must be filed no later than **October 23, 2009**, and made returnable by **November 16, 2009**; and it is further

**ORDERED** that fact discovery is to remain open through **January 30, 2010.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown; and it is further

**ORDERED** that the parties shall serve any affirmative expert reports no later than **March 1, 2010**; and it is further

**ORDERED** that the parties shall serve any rebuttal expert reports no later than **April 30, 2010**; and it is further

**ORDERED** that the date in which the parties will complete all expert discovery will be determined after the Arbitration process; and it is further

**ORDERED** that the parties shall reserve their right to file dispositive motions until after the Arbitration process; and it is further

**ORDERED** that in the event either party files a request for trial *de novo* following the arbitration, the parties shall notify the Court within five (5) days of filing the *de novo* request, so that a schedule may be set for the conclusion of expert discovery and dispositive motions; and it is further

**ORDERED** that counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of an application to the Court.  Any such dispute shall be brought to the Court's attention by letter, no more than five (5) pages in total, setting forth the nature of the dispute and any efforts to resolve it.  Any response shall be similarly limited to five (5) pages in total and shall be submitted within forty-eight (48) hours of the initial letter.  No discovery motion will be entertained absent leave of Court and counsel's full compliance with L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f); and it is further

**ORDERED** that Plaintiff is to serve a settlement demand no later than **October 30, 2009**; and it is further

**ORDERED** that a telephone status conference will be conducted by the undersigned on **November 23, 2009 at 9:30 am**.  Plaintiff is to initiate the call; and it is further

**ORDERED** that a Settlement Conference will be held before the undersigned, at the Clarkson S. Fisher United States Courthouse, Trenton, New Jersey on **February 9, 2010 at 10:00 am.**  Parties with full authority to settle the case are to be present.  Any failure in this regard shall result in the imposition of sanctions; and it is further

**ORDERED** that five (5) days before the Settlement Conference, each party is to submit to Chambers a confidential letter, on an *ex parte* basis, not to exceed five (5) pages in total, summarizing the relevant facts, the respective legal positions, the status of the case, and the party's position of settlement, including any settlement discussions that have taken place in anticipation of the Settlement Conference; and it is further

**ORDERED** that since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties; and it is further

**ORDERED** that the Court may, from time to time, schedule conference as may be required, either on its own motion or at the request of counsel; and it is further

**ORDERED** that failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions; and it is further

**ORDERED** that any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order.  *See Panzy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (1995); Fed. R. Civ. P. 26(c); and L. Civ. R. 5.3; and it is further

**ORDERED** that the parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar.  This equipment includes an evidence presentation system, which consists of a document camera and a projector.  The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer.  The document camera may be used to display documents, photographs, charts, transparencies and small objects.  For further information, please contact the Courtroom Deputy Ivannya Jimenez at 609-989-2114; and it is further

**ORDERED** that counsel are invited to use the George H. Barlow Attorney Conference Room located on the third floor of the Courthouse Annex.  The room is equipped with telephones, laptop access/printer, copier and fax.

 s/ Lois H. Goodman
**LOIS H. GOODMAN**
**United States Magistrate Judge**
