**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                    :
JENNY DEVINCENTIS, et al.,          :
                                    :   CIVIL ACTION NO. 09-3138 (MLC)
        Plaintiffs,                 :
                                    :   MEMORANDUM OPINION
        v.                          :
                                    :
WAL-MART STORES, INC.               :
                                    :
        Defendant.                  :
_____:
```

**COOPER, District Judge**

The plaintiffs, Jenny Devincentis and Annibale Devincentis
("plaintiffs"), commenced this action in New Jersey Superior
Court in May 2009 seeking damages for injuries sustained in an
alleged slip and fall. (Dkt. entry no. 1, Notice of Removal, Ex.
A, Compl.)  The defendant, Wal-Mart Stores, Inc. ("Wal-Mart")
removed the action to this Court in July 2009. (Notice of
Removal.)  Wal-Mart now moves for summary judgment in its favor.
(Dkt. entry no. 10, Motion for Summary J.)  The plaintiffs oppose
the motion. (Pl. Br., received 5-4-10.)  The Court determines
the motion on the briefs without an oral hearing, pursuant to
Federal Rule of Civil Procedure ("Rule") 78(b).  For the reasons
stated herein, the Court will grant the motion.

## BACKGROUND

The plaintiffs allege that Jenny Devincentis slipped and
fell on a wet substance at a Wal-Mart store in May 2007. (Compl.
at 2.)  They allege that this fall was the result of negligent

maintenance, cleaning, and supervision of this store.  (<u>Id.</u>)
They allege that Jenny Devincentis suffered severe physical and
mental injuries as a result of the fall.  (<u>Id.</u>)  Annibale
Devincentis is the husband of Jenny Devincentis.  (<u>Id.</u> at 3.)  He
seeks damages for loss of consortium stemming from his wife's
injuries.  (<u>Id.</u>)

## DISCUSSION

### I.  Motion for Summary Judgment Standard

The standard for a motion for summary judgment is well-
settled and will be briefly summarized here.  Rule 56(c) provides
that summary judgment is proper if the pleadings, the discovery
and disclosure materials, and any affidavits show that there is
no genuine issue as to any material fact and that the movant is
entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In
making this determination, the Court must "view[] the record in
the light most favorable to the non-moving party and draw[] all
inferences in that party's favor."  <u>United States ex rel.</u>
<u>Josenske v. Carlisle HMA, Inc.</u>, 554 F.3d 88, 94 (3d Cir. 2009)
(<u>citing</u> <u>Abramson v. William Patterson Coll.</u>, 260 F.3d 265, 276
(3d Cir. 2001)).

### II.  Current Motion

Wal-Mart argues that it is entitled to summary judgment
because the plaintiffs cannot show  that it was negligent.  (Dkt.
entry no. 10, Def. Br. at 3.)  It contends that the spill that

2

allegedly caused the fall did not occur until after Jenny
Devincentis fell.  (<u>Id.</u>)  It further contends that even if the
spill was on the floor before or at the time of the fall, the
plaintiffs cannot show that Wal-Mart knew or should have known
about it.  (<u>Id.</u>)  It further states that Wal-Mart has substantial
procedures in place to prevent the occurrence as accidents such
as the one alleged, and as such, the plaintiffs cannot
demonstrate that Wal-Mart breached a duty of care to Jenny
Devincentis.  (<u>Id.</u>)

It argues that Jenny Devincentis could only speculate as to
the cause of her fall, and could not state with certainty that a
spill caused it.  (<u>Id.</u> at 1.)  It further argues that Jenny
Devincentis testified that there were no footprints or shopping-
cart marks through the puddle and she was unaware how long the
puddle had been there.  (<u>Id.</u> at 2.)  It further states that
Annibale Devincentis, who was with Jenny Devincentis when then
incident occurred, did not see any spilled liquid before or after
the fall.  (<u>Id.</u>)  Wal-Mart further argues that a witness, Scott
Rogers ("Rogers") stated that the fall occurred prior to the
spill.  (<u>Id.</u>)  It further states that the store's employees
described the spill as perfect without any skid marks or
footprints.  (<u>Id.</u>)

It contends that to establish premises liability, a
plaintiff bears the burden of proving negligence and must show

that the owner breached a duty of care.  (Id. at 4.) It states that to survive summary judgment, the plaintiffs must demonstrate that Wal-Mart created the hazard or had notice of it sufficiently in advance of the incident that it had an opportunity to remedy it.  (Id. at 5.)  Wal-Mart contends that there is no evidence that it caused the spill or had notice of it.  (Id.)  It further contends that there is no evidence that the spill occurred sufficiently in advance of the fall that Wal-Mart could be charged with constructive notice of it.  (Id. at 5-6.)  It further states that the plaintiffs are unable to establish that Wal-Mart's conduct was a substantial factor leading to the accident.  (Id. at 6.)  It contends that the evidence indicates that the liquid was spilled after the plaintiff fell.  (Id.)

Wal-Mart states that the plaintiffs are unable to identify the source of the spill and the only testimony regarding the spill was provided by Rogers who stated he saw the spill occur after the fall.  (Dkt. entry no. 10, Statement of Undisputed Facts at 7.)  It states that the plaintiffs have not presented any evidence to contradict this testimony.  (Id.)  It further contends that the spill was "fresh and clean, with well-defined edges, and was located several feet from where the [p]laintiff fell."  (Dkt. entry no. 12, Reply Br. at 6.)  It contends that there was no evidence of "tracks or marks or dirt or debris in the spill."  (Id.)

The plaintiffs argue that the "mode of operation rule" precludes summary judgment in this matter. (Pl. Br. at 6.) They state that the mode of operation rule applies to self-service stores and provides that plaintiffs need not demonstrate that these stores had notice in negligence actions. (Id.) They state that this rule creates an inference of negligence that shifts the burden to the defendant to establish that it did all a reasonably prudent person would do in light of the risk of injury that the operation entailed. (Id. at 7.) The plaintiffs argue that Wal-Mart is a self-service store and as such, the mode of operation rule applies in this action. (Id.) It states that Wal-Mart allows customers to shop with and purchase open beverages, and this mode of operation subjects customers to risk of injury. (Id. at 7-8.)

The plaintiffs further argue that there is a genuine issue of material fact regarding what caused the fall. (Id. at 8.) They state that there is a question as to whether Jenny Devincentis slipped on the soda or the soda spill occurred after the fall. (Id. at 9.) They argue that Jenny Devincentis fell backward, which is consistent with slipping. (Id.) They further argue that she saw the puddle approximately two feet from her body after her fall. (Id.) They argue that there is a factual issue as to whether Jenny Devincentis slipped on the soda or the soda spill occurred after her fall. (Id.) Wal-Mart argues

5

that the mode of operations rule does not apply because the spill occurred in a part of the store where drinks were not for sale. (Dkt. entry no. 13, Second Reply Br. at 4.)

## III. Analysis of the Motion

The Court will grant Wal-Mart's motion for summary judgment. To prevail on a claim for negligence under New Jersey law, a plaintiff must establish the existence of a duty owed to the plaintiff by the defendant, a breach of that duty, and that the breach was the proximate cause of the plaintiff's injuries. Keith v. Truck Stops Corp. of Am., 909 F.2d 743, 745 (3d Cir. 1990). A business owner owes a duty to the public to use reasonable care in maintaining the business premises in a reasonably safe condition. King v. Venetian Corp., No. 06-2610, 2009 WL 3489389, at *4 (D.N.J. Oct. 22, 2009). The business owner thus has a duty to discover and eliminate dangerous conditions. Id. The plaintiff must ordinarily demonstrate that "that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Id. (citation omitted).

The mode of operation rule provides an exception to the requirement that the plaintiff demonstrate actual or constructive notice. It provides that the plaintiff need not prove notice when the circumstances are such that "as a matter of probability, a dangerous condition is likely to occur as the result of the

nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents." Nisivoccia v. Glass Gardens, Inc., 818 A.2d 314, 316 (N.J. 2003). "[W]hen a substantial risk of injury is inherent in a business operator's method of doing business, the plaintiff is relieved of showing actual or constructive notice of the dangerous condition." Id. at 317. This rule provides an inference of negligence and the defendant must then demonstrate that it did "all that a reasonably prudent man would do in light of the risk of injury the operation entailed." Id. (citation omitted).

The mode of operation rule is often employed in cases where the plaintiff was injured in a supermarket where loose food items are likely to fall to the ground. See e.g., Nisivoccia, 818 A.2d at 317; Wollerman v. Grand Union Stores, Inc., 221 A.2d 513, 429 (N.J. 1966). The rule is applied where merchandise on the premises can cause an injury to others on the premises. Craggan v. IKEA USA, 752 A.2d 819, 824 (N.J. App. Div. 2000). It is applied when the "mode of operation [is] designed to allow the patron to select and remove the merchandise from the premises without intervention from any employee of the storekeeper." Id.

The Court finds that the mode of operation rule applies in this case. The plaintiffs state that Wal-Mart allows the purchase and carrying of open beverages. Wal-Mart does not contest this statement, but rather states that the incident at

issue did not occur near the part of the store where drinks were available for purchase.  This argument is unpersuasive.  In Ryder v. Ocean County Mall, the court noted that the mode of operation rule should apply when the defendant mall did not "restrict the carrying of, or consumption of, food and drink . . . [and as such] bec[ame] the functional equivalent of a cafeteria."  774 A.2d 700, 703 (N.J. App. Div. 2001).  The court there noted that the mall could "reasonably be charged with notice that food and drink spills are likely to occur and do occur."  Id.  The Court finds the current situation analogous to that in Ryder.  Wal-Mart does not contest that it sells and allows the carrying of open beverages.  Wal-Mart can thus be reasonably charged with notice that drink spills are likely to occur.  The plaintiffs are thereby relieved of their burden of demonstrating actual or constructive notice on the part of Wal-Mart.

The Court will, however, grant the motion because, in response to Wal-Mart's prima facie showing of entitlement to summary judgment, the plaintiffs have failed to produce sufficient evidence to raise an issue of fact that the spill was the proximate cause of the fall.  "Although proximate cause is ordinarily a jury issue, it may be ruled on as a matter of law when reasonable minds could not differ."  Firstmeyer v. Cohen, No. A-0982-7T3, 2008 WL 2520794, at *1 (N.J. App. Div. June 26, 2008).  "[S]ummary judgment is appropriate where no reasonably

jury could find that the plaintiff's injuries have been proximately caused by the defendant's conduct." Thompson v. Garden State Arts Ctr., Partners, No. A-3299-05T5, 2007 WL 1598616, at *3 (N.J. App. Div. June 5, 2007). "[T]he issue of a defendant's liability cannot be presented to the jury simply because there is some evidence of negligence; the plaintiff must introduce evidence that affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the plaintiff's injury." Id. at *3. The plaintiffs here have failed to introduce evidence that affords a reasonable basis for determining that Wal-Mart's negligence caused the injuries.

Jenny Devincentis stated that she did not see any liquids or spills on the floor prior to her fall. (Dkt. entry no. 10, Harrison Cert., Ex. B, Devincentis Dep. 24:2-5.) When asked what caused her fall, she stated that "I just went fell [sic] back, and I fell just straight back." (Id. at 25:10-16.) When asked if she saw the spill after her fall she stated that she saw a "dark substance, but [did not] know . . . exactly where it went." (Id. at 29:10-16.) She stated that she did not know if the dark substance was under her or to her side. (Id. at 29:17-18.) When asked again if she knew what caused her fall, she stated "I don't know exactly. I just fell. I just fell for no reason because I said I just slipped and fell. I don't know exactly. I didn't

see what was under my feet or nothing.  I just fell backwards."
(Id. at 31:17-24.)  When asked again about what she did see on
the floor, she stated that she saw "some kind of black streak"
about two to three feet away from her.  (Id. at 32:1-9.)  She
stated that she did not see any footprints in it and was unaware
if there was any dirt mixed into it.  (Id. at 34:10-12, 22-23.)
She did state, however, that she did not trip on her shopping
cart.  (Pl. Br. Ex. A, Devincentis Dep. At 35:11-13.)

Annibale Devincentis also stated that he did not see any
liquids on the floor prior to his wife's fall.  (Dkt. entry no.
10, Harrison Cert., Ex. E, Annibale Devincentis Dep. 9:17-21.)
When asked what caused his wife's fall, he stated that he "didn't
look for anything [but] believe[d] that she slipped and that's
it."  (Id. at 11:7-14.)  He stated that he did not see any liquid
but was not looking at the floor.  (Id. at 11:16-17.)  He did
state that after the fall he heard a store employee tell another
employee to "wipe that up."  (Id. at 13:7-13.)  He stated that he
remained on the floor with his wife for thirty minutes after her
fall and never saw any liquid on the floor in the area of the
fall.  (Id. at 15:6-15.)  A Wal-Mart employee, Judith Bowens was
called to the site of the fall.  She also stated that she did not
see any liquid on the floor.  (Dkt. entry no. 10, Harrison Cert.,
Ex. F, Bowens Dep. at 7:12-14.)

10

Rogers, a witness to the fall, stated that on the day of the fall, he saw Jenny Devincentis trip and fall on the ground. (Dkt. entry no. 10, Harrison Cert., Ex. G, Rogers Dep. at 4:1-2.) He stated that after her fall, he saw a can of soda "go flying through the air."  (Id. at 4:20-23.)  Rogers stated that the can landed on the floor spilling a small amount of soda.  (Id. at 5:2-5.)  He stated that there was nothing on the floor when Jenny Devincentis fell, and that she fell because her husband pushed the shopping cart too close to her.  (Id. at 5:14-16.)  He stated he was only "five, six feet away from the accident when it happened, [and he] saw nothing on the floor . . . [he] saw her feet get tied up in the bottom of the cart and just go over like a tea kettle."  (Id. at 6:14-19.)

The plaintiffs, in response to Wal-Mart's prima facie showing, have only offered their own speculative testimony in opposition of the motion for summary judgment.  This is insufficient.  See Wasielewski v. Sands Hotel & Casino, No. 04-2667, 2005 WL 1088952, at *5 (D.N.J. May 10, 2005) (granting summary judgment in favor of defendant when the plaintiff "only provided . . . self-serving testimony that [the plaintiff] fell and mere speculation as to what caused [the] fall, i.e., . . . something from the nearby food cart").  The plaintiffs here, as did the plaintiffs in Wasielewski, have only proffered their own speculation that Jenny Devincentis might have fallen in liquid on

the floor of the Wal-Mart store.  Neither plaintiff saw the liquid prior to the fall, and Jenny Devincentis stated that it was at least two feet away from her after her fall.  There is testimony by a witness that the spill occurred after the fall.  The Court thus finds that the plaintiffs have failed to introduce evidence that affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the plaintiff's injury.

### CONCLUSION

The Court, for the reasons stated <u>supra</u>, will grant Wal-Mart's motion for summary judgment.  The Court will issue an appropriate order and judgment.

<u>    s/ Mary L. Cooper    </u>
**MARY L. COOPER**
United States District Judge

Dated:   May 12, 2010

12